EDWARD DEWEY *vs.* ROBERT G. LIVING & another.

If the payee of an accommodation note has had the same discounted at a bank upon his own sole indorsement, and afterwards, upon learning of the insolvency of the maker, has procured another person to indorse it without consideration, and, upon its dishonor, has requested and induced him to pay and take up the same, and then, by a subsequent arrangement, has borrowed of the bank the amount of the note, and deposited it to the credit of the second indorser, and caused the note to be delivered to the bank again, and, finally, has caused the borrowed money to be repaid to the bank, and the note is accordingly taken again by the second indorser, the latter cannot prove it against the insolvent estate of the maker.

APPEAL from the decision of the judge of probate and insolvency, disallowing the proof against the estate of Elkanah A. Cushman, an insolvent debtor, of a note of $2621.30 signed by him, dated December 5, 1859, payable in six months from date to his own order, and indorsed by him and Samuel A. Way The facts are stated in the opinion.

*R. M. Morse, Jr.* for the appellant.

*C. Demond,* for the appellees, was not called upon.

MERRICK, J. This case is presented to the court upon an agreed statement of facts. It appears from this statement that the note of Elkanah A. Cushman, which the appellant offered to prove against his estate in insolvency, was given without consideration, having been made at the request and for the

accommodation of Samuel A. Way, who, upon receiving it from the maker, gave to the latter a written agreement in which he promised to pay it at its maturity and return it to him.    It is only therefore upon the ground that he is the *bona fide* owner of the note for value actually paid for it, that the appellant can be entitled to present and prove it as a legitimate claim in his own favor against the estate of Cushman.

It is very plain that, upon the facts disclosed in the agreed statement, this proposition cannot be established by the appellant.    After Way received the note, he caused it to be discounted, upon his sole indorsement, by the Bank of Commerce; and everything which was afterwards done concerning it by Dewey was done at his suggestion, and intended to be for his advantage.    He procured Dewey to put his name upon the back of the note, which the latter did without consideration therefor from the bank or from any one else.    Upon being notified at the maturity of the note of its dishonor, he went immediately to Way's office, and asked him what it meant.    Way told him that, for reasons not then to be disclosed, he must pay it himself.    Thereupon, having funds in the bank, and thinking himself under obligation to do so, without seeking or waiting for further explanation, he paid and took up the note.    In doing so, it is obvious that he acted under the direction and for the personal benefit of Way, whose duty it was, both as the first indorser and under his promise to the maker, of whom he had borrowed it, to have paid and taken it up himself; and that his claim for the money which he advanced was not upon the maker of the note, but upon Way, at whose sole instance he had acted, and who was the real debtor to the bank for the note which he caused to be taken up by the appellant.

This is made still more clear by the subsequent transaction between the parties.    It was the object and purpose of Way to cause this note to be proved for his own individual advantage against the estate of Cushman, who was indebted to him on another account, and whose estate was in the course of settlement in insolvency.    He wavered apparently upon the question whether it would be most for his interest that the note should

be produced and offered in proof by the appellant or by the bank. And coming to the conclusion at one time that he could best avail himself for this purpose of the aid of the latter, he went to the bank with the appellant, and there, in pursuance of an arrangement previously made with the cashier, procured a loan of just the amount of money which the appellant had advanced in payment of the note, and deposited the same to his credit on the books of the bank, and he thereupon handed the note to the cashier. This transaction really amounted to a payment of the note by Way himself. The appellant had received, by the deposit made to his credit, payment for the money he had advanced, and he gave up the note and was no longer the holder of it. The note was handed to the cashier, not as the property of the bank, but as the property of Way, for whose use it was intended that the note should be proved against the estate of Cushman. But it appears that afterwards, in the course of the same day, Way concluded that the note should not be thus offered in proof by the bank, but that this should be done by the appellant. And thereupon by his direction the note was taken back from the cashier by the appellant, the money deposited to his credit was by his consent withdrawn by Way and restored to the bank in payment of the loan to him. And the note was at the same time taken back from the cashier by the appellant, and he has since acted under the direction of Way in attempting to prove the note against Cushman's estate. The object of Way in all this, it is agreed, was that he might obtain a personal advantage in respect to the debt which on another account was due to him from Cushman. It is contended that this object and purpose was wholly unknown to the appellant; but the facts show that he must have known that Way, in whom he had entire confidence, had some personal end n view, and that he was willing to be, and was in fact, his agent and co-operator in assisting him to accomplish it. In either aspect of the case, therefore, whether the transaction at the bank when the deposit was made by Way to the credit of the appellant, for the amount which he paid to take up the note, and the note was passed over by him to the cashier, be considered as a

payment of it by Way, or whether, in all the transactions re-specting the note in which the appellant was concerned, he was acting under the direction, as well as on account of and as the agent for Way, it is plain that the appellant has no just per-sonal claim against the estate of Cushman on account of the payment made by him to take the note from the bank. The decision of the judge of insolvency upon the subject was there fore correct, and his decree disallowing the proof of the claim of the appellant must be affirmed.